This time we'll hear Uppal v. New York State. Good morning. Good morning. We'll hear you now. May I please the court, Needham Uppal Pro Se. I stand in front of you today to ask for justice against sexual harassment and discrimination on women of foreign origin. This is a case where I'm pro se, not by choice. But because every attorney I've had, New York State Department of Health or Florida Department of Health, use their influence and threaten them with sanctions. The attorney on this case, Rudy Dermosopian, withdrew because he was being threatened very badly. He said, I'm sorry, I know you were wrong, but I can't help you, I have to watch the interest of my firm. So I had two choices, whether to give in to the bully and harassment, or whether to stand up for my own rights. So here I am, fighting against extreme retaliation. Because I didn't allow a medical director to touch me or fondle me. The issue- Excuse me, I understand that there's a state proceeding still pending, is that correct? The New York State proceeding is not pending. The article 78? It was dismissed. Dismissed, okay. So in about 2006, I filed an EOSC complaint after which all these actions started in Florida. The medical director, who was pretty influential, his partner became a member at the Board of Florida. Then the Board of Florida was taking totally false and unlawful actions. I had come to New York in 2013. They started conspiring with the New York State Department of Health. I filed a case in 2014, which was transferred to Florida, and in 2015, I filed this case. The case has been complicated with extreme conspiracy and fraud in court. I had filed an order to show cause in April of 2015. I had filed a complaint, but since I was pro se, the clerk told me for the order to show cause, I had to file a separate paperwork. I hand wrote the order to show cause, telling the court that I wanted an injunction. Because the Florida board was trying to conspire with New York State Board to take my license away, my livelihood, my home, and defame me. However, you would not find that complaint that we are sitting on the appeal for, because that has been removed from the docket. I was trying to look for it last night. I can't find it. So I don't think you will have it either. The original complaint has been removed. And New York State Department of Health did make a defense in their answer brief. She never said there was irreparable harm for the injunction. But I did, but the document has been removed. But also in the complaint on page 22nd to last paragraph, I did say that their action would cause me irreparable harm by them trying to take my license away, my livelihood away, my home away, and try to falsely defame me and attack my integrity. And this is exactly what they did. They didn't have any cause. So they've been just fabricating stuff. They've been ignoring the evidence. And same thing happened now for Article 78. We were supposed to put the record in. I did. They falsely said, the order is not there. I replied, no, it's on page this to this. But my motion gets denied. And that was expected, that the state court is biased toward the state agencies. And I was not going to get anywhere. So this is a case where I would rely on the briefs where I have filed the legal argument. We do have the briefs, and we do read them. So thank you, but you've reserved a minute's rebuttal. So we shall hear you then, after your adversary speaks. OK. So basically what I- We do have your arguments. Take a seat. You've reserved a minute. We'll hear you then. Thank you very much. Good afternoon. I'm David Lawrence III, an assistant solicitor general appearing on behalf of the New York State Appellees. The district court correctly denied a preliminary injunction because the plaintiff meets none of the four legal requirements to obtain that extraordinary remedy. First and most importantly, she fails to show that she would suffer irreparable harm absent an injunction. That's because the plaintiff stated to the district court that she would not be practicing medicine, regardless of whether an injunction was issued, until she prevailed in either her state or federal court actions. But she said she wouldn't practice medicine until her name was cleared. Yes, Your Honor, and then she, the methodology by which she was seeking to clear her name was to prevail in either the federal or state court actions, and that has not happened. So that's a reason that there's no irreparable harm here. The plaintiff also shows no irreparable harm because she had an adequate state remedy in the form of her Article 78 proceeding. I understand that proceeding was dismissed for a failure to be perfectly perfected, but that failure does not remove the fact that that remedy was there for her. The second reason the plaintiff's not entitled to a preliminary injunction is that she failed to show a likelihood of success in the merits. For instance, the State Department of Health is entitled to the protection of the 11th Amendment. Also, the plaintiff states no claim against the State Department's attorney, Timothy Maher, because he is entitled to absolute prosecutorial immunity. And she never served him to even make him a part of the case. The plaintiff also states no due process claim against the Department of Health, because the Department of Health need not re-hear evidence that was already heard by the Florida board. I said in my brief that the D'Ambrosio case from the New York Court of Appeals, only the due process does not require the New York State Medical Board to re-hear evidence heard by another state's medical board. Indeed, the Florida Board of Medicine's thorough decision shows that they carefully examined the records of several patients treated by the plaintiff here. Found that she did not do correct physical examinations of them, did not prescribe correct medications, did not keep proper medical records regarding them. Furthermore, plaintiff's conspiracy claim here is entirely conclusory. And she states no claim for employment discrimination against Department of Health, because it is not and was not ever her employer. Finally, given the substantial state interest in revoking the licenses of physicians who are found unfit to practice medicine, the balance of hardships and the public interest weigh against a preliminary injunction here. For all these reasons, I ask that this court affirm the order denying a preliminary injunction to the plaintiff. Thank you. Thank you. The New York State Department of Health's assertions are totally meritless. First of all, Florida never allowed me a hearing. In the hearing, I could not appear, and my attorney did not argue the case. So I was never given due process. The Florida, there's been two or three EEOC complaints against me, right to sue filed. The EEOC complaint is still pending against Florida. And New York is now agreeing that with the knowledge that this is an EEOC matter, they're still taking action. There was no findings of any inappropriate treatment or any malpractice. In fact, the Florida law very clearly states it was based on illegible medical record. And it clearly states that this does not constitute malpractice. So they actually fabricated that I did three malpractice lawsuits. But I've never in my 30 year of practice ever had a malpractice lawsuit against me. So they're making these false allegations to take my license away, which is irreparable harm. With taking my livelihood away is not an irreparable harm to the New York State Department of Health, but it is to everybody else. And they applied Youngster, the case which is for criminal, that if there's a criminal action in state court, federal court should not intervene. This is not a criminal action. This is a state court action, which they're agreeing that they're doing it because of Florida. And knowing that the Florida action is based on sexual harassment and discrimination complaints retaliation. And it is still pending in the federal court. With the knowledge, they're still doing it. So an injunction is for the protection. And this court has provided injunctions in the other cases in EEOC. We have, I mean, yes, we have the power to grant injunctions, and we have granted injunctions. And we know what the standards are, and we will look at them. So thank you, thank you very much. So basically what I'm saying, what they did was wrong. Everything was wrongfully done. I should be given the chance to present evidentiary hearing to show that. And meanwhile, I should be protected. And if this- We do have your argument. Thank you, thank you very much. Thank you both. We'll reserve decision. The remaining case on calendar is Morty's Appliance versus Amazon. We will take that on submission as being the last case on calendar. Please adjourn court. Court is adjourned.